IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY T. HUBER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-06-00303 |
| | § | |
| TEXAS WOMAN'S UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

ORDER

Pending before the Court is Defendant Texas Woman's University's ("TWU") Motion to Dismiss or in the Alternative More Definite Statement (Instrument No. 4). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted in part and denied in part.

BACKGROUND

In 1998, Defendant Texas Woman's University ("TWU") hired Plaintiff Jeffrey T. Huber ("Huber") as an assistant professor at its Denton, Texas branch.[1] In 2000, TWU awarded Huber a tenured professorship. Around the time of his promotion, Huber was appointed to work jointly at TWU's Houston branch and the Houston Academy of Medicine-Texas Medical Center Library.

---

[1] TWU is a state university with branches in Denton, Dallas, and Houston, Texas.

On January 30, 2006, Huber filed suit against TWU, alleging it discriminated against him on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964. Specifically, Huber alleges he received unfavorable course assignments, diminished grant benefits, a disproportionately small office, unequal use of other facilities, and small travel allowances in comparison with female professors. Moreover, Huber asserts a TWU grievance committee assigned to hear his complaints treated him unfavorably because of his gender. In addition to Huber's federal gender discrimination claim he alleges TWU's discrimination also violated Texas state law and asserts a cause of action under the Texas Commission on Human Rights Act ("TCHRA").

On March 31, 2006, TWU moved to dismiss Huber's claims, arguing he failed to state a claim upon which relief may be granted. Alternatively, TWU asks the Court to compel Huber to produce more detailed facts upon which he bases his claims. Finally, TWU contends Huber's state law discrimination claim is barred by sovereign immunity.

LAW AND ANALYSIS

A complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). However, "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum &*

*Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). It must appear beyond doubt that the plaintiff is unable to prove any facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint must be stated with sufficient clarity such that a court or an opposing party can determine what claims are alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The allegations in a plaintiff's complaint are taken as true, and the complaint is construed in a light most favorable to the plaintiff. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585-86 (5th Cir. 1999); *Oppenheimer v. Prudential Secs. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Thus, the Court will examine Huber's complaint to determine whether the allegations provide relief on any possible theory or claim. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

I.  Huber's State Law Gender Discrimination Claim

Huber alleges TWU discriminated against him in violation of state law. TWU argues the Court lacks jurisdiction to consider this cause of action because sovereign immunity shields it, as a state entity, from a suit in federal court. It is well established that the Eleventh Amendment bars a federal court from "entertaining a suit brought by a citizen against his own state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). While Texas has waived its sovereign immunity in state courts for TCHRA violations, it has not implicitly

waived sovereign immunity in federal courts as well. *See King v. Texas Dept. of Human Servs., ex rel. Bost*, 28 S.W.3d 27, 30 (Tex. App–Austin 2000); *see also Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir. 1996). The United States Court of Appeals for the Fifth Circuit has "clearly held that the TCHRA does not waive Texas' Eleventh Amendment immunity." *Hernandez v. Texas Dept. of Human Servs.*, 91 F. App'x 934, 935 (5th Cir. 2004) (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002). Accordingly, TWU's motion to dismiss is granted with respect to Huber's TCHRA claim.

II.   Huber's Other Claims

Having considered TWU's motion, submissions, and applicable law, the Court determines that TWU's motion to dismiss Huber's federal discrimination claim and its motion for a more definite statement should be denied. Accordingly, the Court hereby

ORDERS that TWU's Motion to Dismiss (Instrument No. 4) is GRANTED as to Huber's state law discrimination claim. The Court further DENIES TWU's motion in all other respects.

SIGNED at Houston, Texas, on this 30th day of June, 2006.

_____David Hittner_____

DAVID HITTNER

United States District Judge